UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-22181-CIV-ALTONAGA/Simonton

**ANDREA CAPPELLO**, *et al.*,

    Plaintiffs,

vs.

**CARNIVAL CORPORATION**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon a review of Plaintiffs, Andrea Cappello ("Cappello") and Verusca Davila's ("Davila['s]") Motion to Remand Case and Request for Attorneys' Fees and Costs for Improper Removal ("Motion") [ECF No. 5], filed June 26, 2012. On May 14, 2012, Plaintiffs filed a Seaman's Complaint and Jury Demand ("Complaint") [ECF No. 1-2] in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. On August 10, 2012, the Court granted the portion of the Motion seeking remand and granted Defendant, Carnival Corporation's ("Carnival['s]") request to allow additional briefing on the portion of the Motion seeking fees and costs. (*See* Aug. 10, 2012 Order [ECF No. 15]). Carnival filed its Response to Plaintiff's Motion for Attorneys' Fees and Costs for Improper Removal ("Response") [ECF No. 17] on August 16, 2012, and Plaintiffs filed a Reply Memorandum . . . ("Reply") [ECF No. 20] on August 22, 2012. The Court has carefully considered the Motion, the parties' submissions and applicable law.

## I. LEGAL STANDARD

The Court, on remanding a case, "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citation omitted). The district court retains discretion to "consider whether unusual circumstances warrant a departure from the rule in a given case," but must exercise its discretion in a manner "faithful to the purposes of awarding fees under § 1447(c)." *Id.* (internal quotation marks and citations omitted). In *Martin*, the Supreme Court stated it found "no heavy congressional thumb on either side of the scales," whether pro-award or anti-award, in guiding the court's discretion. *Id.* at 139. A basis for removal need not be "obvious." *Id.* at 140. "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.*

## II. ANALYSIS

As noted, the Court has already determined that Carnival's removal under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201, *et seq.* ("Convention") and admiralty jurisdiction was improper. (*See* Aug. 10, 2012 Order). The Court examines Plaintiffs' arguments in favor of fees in turn.

A.      **Improper removal under the Convention**

Plaintiffs assert that failure to provide an appropriate writing constituting an agreement to arbitrate, when removing under the Convention, may be grounds for imposing attorney's fees. (*See* Mot. 13). Plaintiffs cite a case involving Carnival before Judge Lawrence King, *Florian v. Carnival Corp.*, No. 10-20721-CIV-KING.

In *Florian*, the defendant Carnival "relied upon an earlier, non-controlling agreement as its basis for removal. Defendant could locate no written agreement giving it authority to arbitrate in this matter," instead providing an expired contract between the parties, and failing to cite other bases for relief in the Notice of Removal. (*Florian v. Carnival Corp.*, No. 10-20721-CIV-KING (S.D. Fla. Sep. 21, 2010) at 2 [ECF No. 26]; *see also* (S.D. Fla. Sep. 3, 2010) at 3 [ECF No. 24]). Judge King awarded fees against Carnival, stating, "[u]nder both the Federal Rules of Civil Procedure and pertinent statutes, Defendant had an obligation to investigate its basis for removal." (*Florian*, No. 10-20721-CIV-KING, at 2 [ECF No. 26]). The court in *Florian* also declined to address arguments for removal not raised in the Notice of Removal. (*See id.*).

The Notice of Removal in the instant case states, "Plaintiff's employment with Carnival is governed by the terms of an Employment Agreement executed by Cappello on August 15, 2010, attached hereto as Exhibit 'A.'" (Notice of Removal ¶ 5 [ECF No. 1]). The Notice of Removal further asserts, "[t]he Employment Agreement contains an arbitration agreement that requires arbitration of any and all claims arising out of Plaintiff's employment with Carnival." (*Id.* ¶ 11(d)). The Notice only mentions in passing, in a footnote, the fact that third-party Golden Falcon, and not Carnival, is the signatory to the agreement. (*See id.* ¶ 11(h) n.1). It is evident on the face of the Employment Agreement, also referred to as the "Officer's Agreement" [ECF No. 1-1], that it is not a document executed between the parties to this action. Thus, it should have

been obvious that the Officer's Agreement, standing alone, could not serve as a basis for removal — Carnival acknowledged it was executed by a third party in the Notice of Removal itself. Carnival thus could only succeed in enforcing arbitration under this document via an exception to the Convention. Nevertheless, when Carnival expressly set forth "[t]he grounds for removal" in this action, none of the grounds listed is relevant to the elements of equitable estoppel (*see id.* ¶ 11[1]), which requires a showing that Cappello is relying on the terms of the Officer's Agreement in asserting his claims (*see* Aug. 10, 2012 Order 6). Equitable estoppel, despite its omission from the Notice of Removal, later served as the primary (or even sole) basis for Carnival's opposition to the Plaintiffs' motion to remand. (*See* Response to Motion to Remand . . . [ECF No. 10]).

The fact that Carnival neglected to mention any of the relevant bases for removal in the Notice of Removal weighs heavily toward an award of fees and costs against it. *See Gonzalez v. J.C. Penney Corp.*, 209 F. App'x 867, 870 (11th Cir. 2006) (affirming award of attorney's fees where defendant's theory for removal "ha[d] been a moving target" and holding that "a removal must . . . be grounded in some objectively reasonable basis when it occurs").

Even if Carnival had named equitable estoppel in the Notice of Removal, however, the Court would still not be sympathetic to Carnival's position. The Court found in the August 10,

---

[1] The Notice of Removal states:

> The grounds for removal are as follows: (a) There has been no trial of the state court action; (b) Plaintiff is a foreign seaman; (c) Defendant Carnival is a Panamanian Corporation; (d) The Employment Agreement contains an arbitration agreement that requires arbitration of any and all claims arising out of Plaintiff's employment with Carnival; (e) The Employment Agreement requires arbitration in Monaco; (f) The Employment Agreement is commercial in nature; (g) Panama, Monaco, and the United States are all signatories to the Convention; and (h) The parties to the Employment Agreement are a foreign corporation and a foreign seaman and the Employment Agreement requires arbitration of Plaintiff's claims. As such, this dispute falls under the provisions of the Convention. *See* 9 U.S.C. § 202 *et seq.*

(Notice of Removal ¶ 11).

Case No. 12-22181-CIV-ALTONAGA/Simonton

2012 Order, applying Carnival's own test, that Carnival had made no showing whatsoever of how Plaintiff Cappello's claims implicated the terms of the Officer's Agreement. (*See* Aug. 10, 2012 Order 7). Carnival asserts that "all of Cappello's counts — with the exception of the unseaworthiness count — presume an employee/employer relationship between Cappello and Carnival." (Resp. 2). Carnival notes that in the August 10, 2012 Order "[t]he Court did not recognize that the complaint presumed an employer/employee relationship, which is governed solely by the Agreement . . . ." (*Id.* 3). In so arguing, Carnival merely restates the contention rejected by the Court in the August 10 Order, where it explained that the "Eleventh Circuit in *Lawson* [*v. Life of the South Insurance Co.*, 648 F.3d 1166 (11th Cir. 2011)] foreclosed this line of reasoning," distinguishing "between an agreement that is factually significant, and one that serves as the basis for the plaintiff's claims." (Aug. 10, 2012 Order 9). The Officer's Agreement is merely potentially factually significant, in that it relates to Cappello's employment, and Cappello's alleged injuries arose out of his employment. The substantive *terms* of the Officer's Agreement, however, are not the basis of Cappello's claims. Had Carnival wished for such broad protection of its right to arbitrate claims with Cappello, it should have executed an agreement itself with Cappello. Carnival effectively asks the Court to reconsider its August 10 finding on this matter without providing any reason relevant to the bases for a motion for reconsideration.[2]

The Court finds Carnival "lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both

---

[2] "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)) (internal quotation marks omitted).

parties, and wastes judicial resources." *Id.* at 140.  Accordingly, the Court finds it appropriate to award the statutory fees and costs in this case.

### B.   Improper removal under admiralty jurisdiction

Plaintiffs further assert that removal of an *in personam* action under admiralty jurisdiction amounts to a lack of good faith. (*See* Mot. 13 (citing *Sebastian Tow Boat & Salvage, Inc. v. Slavens*, No. 6:02-CV-759-ORL31JGG, 2002 WL 32063121 (M.D. Fla. Oct. 15, 2002))). While not making a finding that Carnival acted in bad faith,[3] the Court finds this to be merely an additional reason justifying the imposition of fees and costs, given that Carnival effectively abandoned its argument for removal under admiralty jurisdiction in the pertinent briefing. Carnival has not raised this argument since the Notice of Removal itself.

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the portion of the Motion to Remand Case and Request for Attorneys' Fees and Costs for Improper Removal **[ECF No. 5]** seeking costs and fees is **GRANTED**.  Carnival shall tender to Plaintiffs the amount due under 28 U.S.C. § 1447(c) within thirty (30) days of receiving an accounting thereof from Plaintiffs.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of August, 2012.

*Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[3] "[B]ad faith is not a necessary condition for an award under the statute."  14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3739 (4th ed.).